**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JIM HOOD**                                                                                 **PLAINTIFF**

**V.**                                             **CAUSE NO. 3:18-cv-842-CWR-FKB**

**SANOFI S.A., et al.,**                                                     **DEFENDANTS**

**ORDER GRANTING MOTION TO REMAND**

In October 2018, the Attorney General of Mississippi filed this suit in Hinds County Chancery Court against Sanofi S.A. and several other pharmaceutical manufacturers. The complaint alleges that the drug companies' false and misleading labeling and marketing of Taxotere, a chemotherapy drug, violates the Mississippi Consumer Protection Act ("MCPA").

The defendants removed the case to this Court, arguing that while the Attorney General claims the case sounds in state law, the complaint reveals a reliance on substantial and disputed questions of federal law, in particular FDA regulations. The defendants then moved to stay the case while the Judicial Panel on Multidistrict Litigation considered if it would consolidate the case with the thousands of other cases regarding Taxotere ("Taxotere MDL"). In response, the Attorney General filed an emergency motion to remand, hoping to get the case back to state court before the consolidation. This case has not yet been consolidated with the Taxotere MDL, and the Court is now ready to rule on the motion to remand.

Since the Attorney General has not asserted a federal cause of action, jurisdiction exists only if there is a substantial and disputed question of federal law within the state cause of action. *See Gunn v. Minton,* 568 U.S. 251, 258 (2013).[1] The mere presence of a federal issue within a state

---

[1] Federal question jurisdiction exists when: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP,* 538 F.3d 334, 338 (5th Cir. 2008).

claim is not enough to create federal question jurisdiction. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 816–17 (1986).

Defendants' argument that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 is unpersuasive. In other cases where states have sued pharmaceutical manufacturers under state causes of action, district courts have found that the claim's reliance on FDA regulations does not present a substantial and disputed federal question. *See generally Oregon ex rel. Kroger v. Johnson & Johnson*, 832 F. Supp. 2d 1250 (D. Or. 2011); *Pennsylvania v. Eli Lilly & Co.,* 511 F. Supp. 2d 576 (E.D. Pa. 2007); *Hawaii, ex rel. Louie v. Bristol-Myers Squibb Co.*, Civ. No. 14-00180 HG-RLP, 2014 WL 3427387 (D. Haw. July 15, 2014); *Marcus v. Med. Initiatives, Inc.*, No. 8:12-CV-2864-T-24-TGW, 2013 WL 718630 (M.D. Fla. Feb. 27, 2013); *Caldwell v. Bristol Myers Squibb Sanofi Pharm. Holding P'ship*, No. 6:12-CV-00443, 2012 WL 3862454, at *6–12 (W.D. La. June 12, 2012), *report and recommendation adopted sub nom.*, No. 2:12-CV-00443, 2012 WL 3866493 (W.D. La. Sept. 4, 2012); *McGrath ex rel. Montana v. Janssen, LP*, No. CV 09-58-H-CCL, 2009 WL 9136812 (D. Mont. Nov. 30, 2009). This Court agrees and as such, does not have jurisdiction. The case must be remanded.

Under 28 U.S.C. § 1447(c), an order remanding a case may "require payment of just costs and any actual expenses, including attorney fees." The Court, exercising its discretion, declines to award attorney's fees or costs.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Attorney General's motion to remand [23] is **GRANTED** in part, as to the request for remand, and **DENIED** in part, as to the request for attorney's fees and costs. All other pending motions in this case are now moot. This civil action is **REMANDED** to the Chancery Court of Hinds County, Mississippi, First

2

Judicial District. A certified copy of this Order shall be immediately mailed to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

    **SO ORDERED**, this the 20th day of February, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
